IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS JAVIER RIOS CERRILLO,

    Plaintiff,

v.                                                      No. 22-cv-215-WJ-GJF

LEA COUNTY NEW MEXICO,

    Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

    THIS MATTER is before the Court on Plaintiff Carlos Javier Rios Cerillo's Prisoner Complaint for Violation of Civil Rights (the "Complaint") (Doc. 1). Plaintiff is an inmate of the Hutchins State Jail in Dallas, Texas. He is proceeding *pro se*. Plaintiff claims, *inter alia*, that Defendant violated his Fourth Amendment Rights by arresting and incarcerating him for DWI. (Doc. 7 at 12). Having reviewed the Complaint and the relevant law pursuant to the screening requirement of 28 U.S.C. § 1915A, the Court will dismiss the Complaint for failure to state a claim upon which relief can be granted. Plaintiff will be granted an opportunity to file an amended civil rights complaint.

I.     Facts.

    For the limited purpose of this Memorandum Opinion and Order, the Court assumes without deciding that the allegations in the Complaint are true. Plaintiff alleges that when he was at home, asleep on his porch, a sheriff arrived and accused him of DWI. (Doc. 1 at 7). The sheriff allegedly had no proof to support the accusation. (Id.). A vehicle parked at Plaintiff's house allegedly has a locked motor and no battery. (Id.). Plaintiff alleges that "they" (perhaps referring

to the sheriff, but it is not clear) told him it did not matter if the car did not work because the keys were in the ignition. (Id.). Plaintiff alleges that the keys were *not* in the ignition. (Id.).

Based on the foregoing, Plaintiff seeks damages under 42 U.S.C. § 1983.

II. Discussion.

A. Standard of Review.

Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915A. The Court must dismiss a prisoner civil action *sua sponte* "if the complaint ... is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b)(1). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because he is *pro se*, the Court construes Plaintiff's pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's construction of *pro se* pleadings). This means that "if the court can reasonably read the pleadings to state valid claim on which [he] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Id.* Nevertheless, the Court will not "assume the role of advocate for the pro se litigant." *Id.*

B. Pleading Standards Governing a § 1983 Claim.

2

42 U.S.C. § 1983 provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. It allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. *Id.*

A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). To state a viable claim a plaintiff must allege that each government official, through the official's own individual actions, has violated his Constitutional rights. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the Constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046. To state a § 1983 claim, the complaint must clearly identify "exactly *who* is alleged to have done *what* to *whom*" so that each defendant has notice of the basis of the claims against them, particularly. *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008).

C. Plaintiff's Complaint Fails to State a Viable Claim

The only named Defendant in this lawsuit is Lea County, New Mexico. A civil rights action against a New Mexico county must be brought against "the board of county commissioners of the county of [the appropriate county]." N.M. Stat. Ann. § 4-46-1. The Court will therefore liberally construe Plaintiff's Complaint as naming the Board of County Commissioners of the County of Lea County as a defendant.

It is well established that a county cannot "be held liable solely because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather,

counties "are subject to liability [under § 1983] only for their official policies or customs." *Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989). *See Monell*, 436 U.S. at 694 ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Plaintiff's Complaint does not allege that the Board of County Commissioners of Lea County had an official policy or custom that caused the alleged violation of his constitutional rights. The Court therefore will dismiss the Complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim on which relief may be granted.

III.   Leave to Amend.

Generally, *pro se* plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless the amendment would be futile. *Hall*, 935 F.2d at 1109. Accordingly, Plaintiff shall be granted a thirty-day deadline within which to file an amended complaint. If Plaintiff declines to timely amend, the Court may dismiss the case with prejudice.

IT IS ORDERED:

(1)   The claims set forth in the Complaint (Doc. 1) are DISMISSED without prejudice.

(2)   Plaintiff is granted leave to file a second amended civil rights complaint within thirty days of the entry of this Memorandum Opinion and Order. Failure to do so may result in dismissal of this case without further notice.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE