**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CARLOS JAVIER RIOS CERRILLO,

Plaintiff,

v. No. 22-cv-215-WJ-JHR

LEA COUNTY NEW MEXICO,

Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Before the Court are three letters (Docs. 24-26) (the "Letters") from *pro se* Plaintiff Carlos Javier Rios Cerillo, submitted in response to the Court's February 7, 2023, Memorandum Opinion and Order of Dismissal ("MOO"), in which the Court dismissed Plaintiff's original complaint and granted leave to amend. Construing the Letters as an amended complaint, the 28 U.S.C. § 1915A Court will dismiss Plaintiff's claims against Defendant Lea County with prejudice for failure to state a claim.

I. Facts.

Plaintiff is an inmate of the Hutchins State Jail in Dallas, Texas. In the original complaint, which was supplemented by several letters, Plaintiff claimed, *inter alia*, that Lea County violated his Fourth Amendment Rights when a sheriff arrested him for DWI. (See Doc. 1, Doc. 7 at 12). The Letters reiterate this claim, and recite the same supporting facts which, in summary are that Plaintiff was asleep on his porch when he was awakened by sheriff's deputies who accused him of DWI. (Doc. 24 at 6). Plaintiff's car was parked in the driveway, but it was undrivable because it had a locked motor and no battery. (Doc. 24 at 8). The deputies arrested him without doing

sobriety tests. (Doc. 25 at 6). Plaintiff appears to allege in the Letters, however, that he may have been arrested/or is being detained based on a warrant for failure to appear at a court proceeding. (Doc. 25 at 5). Plaintiff's Letters appear to include allegations vaguely intended to challenge the conditions of his confinement and/or the legality of his detention. (Docs. 24, 25). Finally, the Court construes the Letters as seeking to add three Defendants: The Board of County Commissioners of the County of Lea, the Lea County Sheriff's Department, and Lovington Detention Center. (Doc. 25 at 6). For the alleged wrongs, Plaintiff seeks damages under 42 U.S.C. § 1983, in the amount of $25 million. (Doc. 25 at 7).

In the February 7, 2023, MOO, the Court construed Plaintiff's Complaint as seeking to state claims against the Board of County Commissioners of the County of Lea County, the proper defendant in a civil rights action against a New Mexico County. (Doc. 3). The MOO provided an overview of the pleading standards governing § 1983 claims, generally, and those governing § 1983 claims against a county. (Doc. 23 at 3-4). As to the latter, the Court explained,

> It is well established that a county cannot 'be held liable solely because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a *respondeat superior* theory.' *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather, counties 'are subject to liability [under § 1983] only for their official policies or customs.' *Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989). *See Monell*, 436 U.S. at 694 ('[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.').

(Doc. 23 at 3-4).

Despite the MOO's overview of the legal standards, the Letters do not contain allegations of an official policy or custom underlying the alleged wrongful conduct. As such, the claims against the Board of County Commissioners of the County of Lea and Lea County Sheriff's Department, both of which are municipal entities, shall be dismissed with prejudice. Any claims

against newly added Defendant, the Lovington County Detention Center fail as a matter of law and will also be dismissed with prejudice. Dismissal of the claims in this case does not affect any future claims against unnamed defendants, including the officers whose alleged conduct comprises a portion of the allegations in the Letters and in the previously dismissed Complaint.

II. Discussion.

A. Standard of Review.

Plaintiff's Letters, which the Court is construing as his amended complaint, are subject to screening under 28 U.S.C. § 1915A. The Court must dismiss a prisoner civil action *sua sponte* "if the complaint ... is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b)(1). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because he is *pro se*, the Court construes Plaintiff's pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's construction of *pro se* pleadings). This means that "if the court can reasonably read the pleadings to state valid claim on which [he] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Id.* Nevertheless, the Court will not "assume the role of advocate for the pro se litigant." *Id.*

B. Pleading Standards Governing a § 1983 Claim.

42 U.S.C. § 1983 provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. It allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. *Id.*

A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). To state a viable claim a plaintiff must allege that each government official, through the official's own individual actions, has violated his Constitutional rights. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the Constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046. To state a § 1983 claim, the complaint must clearly identify "exactly *who* is alleged to have done *what* to *whom*" so that each defendant has notice of the basis of the claims against them, particularly. *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008).

C. Plaintiff's Letters Fail to State a Viable Claim

As explained in the Court's prior MOO, a county cannot "be held liable solely because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather, counties "are subject to liability [under § 1983] only for their official policies or customs." *Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989). *See Monell*, 436 U.S. at 694 ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Despite having been apprised of this standard,

Plaintiff's Letters do not allege that the Board of County Commissioners of Lea County had an official policy or custom that caused an alleged violation of his constitutional rights. The *Monell* standard applies equally to claims against a sheriff's department, which are cognizable under § 1983 only as claims against the county, itself. *See Moore v. Diggins*, 633 F. App'x 672, 677 (10th Cir. 2015) (a sheriff's department is not a suable entity under § 1983; however, such claims may be viable against the municipality or county if the plaintiff alleges "an official policy as the moving force of the constitutional violation"). As Plaintiff has failed to identify a municipal policy or custom underlying the alleged deprivations, his claims against the Board of County Commissioners of Lea County and the Lea County Sheriff's Department shall be dismissed with prejudice.

Finally, Plaintiff's claims against the Lovington Detention Center fail as a matter of law. "[A] detention facility is not a person or legally created entity capable of being sued. *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001); *see Gaines v. U.S. Marshals Serv.*, 291 F. App'x 134, 135 (10th Cir. 2008) (a county detention center "is not a suable entity"). In the § 1983 context, "suing a detention facility is the equivalent of attempting to sue a building." *Gallegos v. Bernalillo Cnty. Bd. of Cnty. Commissioners*, 272 F. Supp. 3d 1256, 1267 (D.N.M. 2017). Any claims against the Lovington Detention Center must therefore be dismissed.

IT IS ORDERED:

(1) The claims set forth in the Letters (Docs. 24-25), which the Court construes as Plaintiff's amended complaint, are DISMISSED with prejudice.

(2) The Court will enter a separate judgment.

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE